United States District Court
Southern District of Texas
**ENTERED**
August 12, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT SPEISER and DONNA SPEISER, | § § § |
| Plaintiffs, | § § |
| v. | § CIVIL ACTION NO. H-22-1595 |
| | § § |
| AMGUARD INSURANCE COMPANY, LAURA MORGAN, and LEE JASON HUME, | § § § § |
| Defendants. | § § |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Robert Speiser and Donna Speiser ("Plaintiffs") brought this action against defendants, AmGUARD Insurance Company ("AmGUARD"), Laura Morgan, and Lee Jason Hume (collectively, "Defendants"), on March 14, 2022.[1] AmGUARD removed the action from the 125th Judicial District Court of Harris County, Texas, on May 19, 2022.[2] Pending before the court is Plaintiffs' Motion to Remand and Memorandum in Support ("Motion to Remand") (Docket Entry No. 7). For reasons stated below, the Motion to Remand will be granted.

---

[1] Plaintiffs' Original Petition ("Original Petition"), Exhibit 4 to Notice of Removal, Docket Entry No. 1-4, p. 3. For identification purposes, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2] Notice of Removal, Docket Entry No. 1.

## I. Factual Allegations and Procedural Background

Plaintiffs' Original Petition alleged that their home was damaged by a power surge[3] and that AmGUARD "knowingly and unreasonably delayed payment of Plaintiffs' insurance claims, refused to consider or provide damage estimates, and utilized only incomplete or incorrect information."[4]

The Original Petition also alleged that two AmGUARD adjusters, Laura Morgan and Lee Jason Hume, failed to inspect and promptly pay the claim and made fraudulent misrepresentations.[5] The Original Petition asserted causes of action against all Defendants for unfair settlement practices, including (1) failure to effectuate a prompt, fair and equitable settlement of Plaintiffs' claim after liability had become reasonably clear, in violation of Tex. Ins. Code § 541.060(a)(2)(A); (2) failure to provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for their partial denial of the claim, in violation of § 541.060(a)(3); (3) failure to affirm or deny coverage within a reasonable time, in violation of § 541.060(a)(4)(A); (4) refusal to pay the claim without conducting a reasonable investigation, in violation of § 541.060(a)(7); and (5) making material misrepresentations about Plaintiffs' policy, in violation of

---

[3]Original Petition, Exhibit 4 to Notice of Removal, Docket Entry No. 1-4, p. 6 ¶¶ 20-21.

[4]Id. at 3 ¶ 2.

[5]Id. at 7-9 ¶¶ 25-28.

§ 541.061.[6] The Original Petition also brought causes of action against all Defendants for failing to make prompt payments, including (1) failure to timely request all the items that they needed from Plaintiffs, in violation of § 542.055(a); (2) failure to timely notify Plaintiffs of the purported reasons that they needed additional time to investigate their claim, in violation of § 542.056(d); and (3) delaying payment of the claim for more than 60 days after receiving all items it could reasonably request and require to investigate Plaintiffs' claim, in violation of § 542.055(a).[7] The Original Petition also asserted causes of action for negligent misrepresentation, common-law fraud, and civil conspiracy against all Defendants.[8]

Plaintiffs are citizens of Texas.[9] AmGUARD is a Pennsylvania corporation.[10] Defendant Morgan is a citizen of Nevada,[11] and defendant Hume is a citizen of Texas.[12]

---

[6]Id. at 13-15 ¶¶ 45-55.

[7]Id. at 15 ¶¶ 57-59.

[8]Id. at 17-18 ¶¶ 74-85; p. 19 ¶¶ 95-100.

[9]Id. at 4 ¶¶ 8-9; Notice of Removal, Docket Entry No. 1, p. 3 ¶ 12.

[10]Original Petition, Exhibit 4 to Notice of Removal, Docket Entry No. 1-4, p. 4 ¶ 10; Notice of Removal, Docket Entry No. 1, p. 3 ¶ 13.

[11]Original Petition, Exhibit 4 to Notice of Removal, Docket Entry No. 1-4, p. 5 ¶ 12; Notice of Removal, Docket Entry No. 1, p. 4 ¶ 14.

[12]Original Petition, Exhibit 4 to Notice of Removal, Docket Entry No. 1-4, pp. 4-5 ¶ 11; Notice of Removal, Docket Entry No. 1, p. 4 ¶ 16.

AmGUARD removed on the basis of diversity jurisdiction, arguing that "complete diversity exists because Defendant Hume is improperly joined, and Plaintiffs are not citizens of the same state as the other Defendants."[13] On June 7, 2022, Hume filed Defendant Lee Jason Hume's Motion to Dismiss ("Hume's Motion to Dismiss") (Docket Entry No. 5). Plaintiffs filed an amended complaint on June 17, 2022,[14] and filed their Motion to Remand the same day.[15] Defendants filed an answer to the Amended Complaint on July 6, 2022,[16] and filed a response to the Motion to Remand on July 8, 2022.[17] Plaintiffs replied on July 15, 2022.[18]

## II. Applicable Law

### A. Removal Jurisdiction

Under 28 U.S.C. § 1441(a)[19] any state court civil action over which a federal court would have original jurisdiction may be

---

[13]Notice of Removal, Docket Entry No. 1, p. 3 ¶ 11.

[14]Plaintiffs' First Amended Complaint ("Amended Complaint"), Docket Entry No. 6.

[15]Motion to Remand, Docket Entry No. 7.

[16]Defendants' Response to Plaintiffs' First Amended Complaint, Docket Entry No. 9.

[17]Defendants' Response to Plaintiffs' Motion to Remand ("Defendants' Response"), Docket Entry No. 10.

[18]Plaintiffs' Reply in Support of Motion to Remand ("Plaintiffs' Reply"), Docket Entry No. 11.

[19]Title 28 U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place were such action is pending."

removed from state to federal court. See Gasch v. Hartford Accident & Indemnity Co., 491 F.3d 278, 281 (5th Cir. 2007). Federal courts have original jurisdiction over civil actions if the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, that is, "a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants." Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992).

Removal jurisdiction depends on the plaintiff's state court pleadings at the time of removal. Pullman Co. v. Jenkins, 59 S. Ct. 347, 349 (1939); Cavallini v. State Farm Mutual Auto Insurance Co., 44 F.3d 256, 264 (5th Cir. 1995). However, "this does not mean that the plaintiff cannot provide additional factual allegations to support those claims. Plaintiffs may not change claims in order to secure a viable claim against a nondiverse defendant, but they may provide additional facts to support the claims asserted pre-removal." Bukowski v. Liberty Insurance Corporation, Case No. SA-22-CV-0272-JKP, 2022 WL 1625173, at *5 (W.D. Tex. May 20, 2022).

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." Manguno v. Prudential Property and Casualty Insurance Co., 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal

because the removal statute should be strictly construed in favor of remand." Id.

**B. Improper Joinder**

The doctrine of improper or "fraudulent" joinder "ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." Borden v. Allstate Insurance Co., 589 F.3d 168, 171 (5th Cir. 2009). The court may ignore an improperly joined non-diverse defendant in determining subject matter jurisdiction. Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 572-73 (5th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 1825 (2005).

A removing party attempting to prove improper joinder carries a heavy burden. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002). To establish that a non-diverse defendant has been improperly joined in order to defeat diversity jurisdiction the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts or (2) an inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. Gasch, 491 F.3d at 281 (citing Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006)). Since the parties do not dispute that Hume is a Texas resident, the second method is at issue in this case.

Under this second type of improper joinder the court must determine "whether the defendant has demonstrated that there is no

possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood, 385 F.3d at 573. Under this test a non-diverse defendant is improperly joined unless there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved[.]" Great Plains Trust, 313 F.3d at 312 (internal quotations and citations omitted). A "reasonable" basis requires more than merely a theoretical basis. Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003). "[T]he existence of even a single valid cause of action against in-state defendants . . . requires remand of the entire case to state court." Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 412 (5th Cir. 2004).

The standard for evaluating whether a reasonable basis for a claim exists for purposes of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Campbell v. Stone Insurance, Inc., 509 F.3d 665, 669 (5th Cir. 2007). "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999). The court must take into account all unchallenged factual allegations, including those alleged in the

petition, in the light most favorable to the plaintiff. Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003). All contested factual issues and ambiguities of state law are resolved in favor of the plaintiff. Gasch, 491 F.3d at 281.

### III. Analysis

Because the burden is on the removing party to establish that a state court suit is properly removable, see Gasch, 491 F.3d at 281, to avoid remand Defendants must show that there is no reasonable basis for the court to predict that Plaintiffs may recover against Hume, the instate defendant. See Smallwood, 385 F.3d at 573. Defendants' Notice of Removal contended that "Hume had no duty to pay a claim made on a Policy issued by AmGUARD, so there is no reasonable basis to predict that Hume might be liable on the Policy" and that Plaintiffs' Original Petition pleaded legal conclusions instead of specific factual allegations.[20] Defendants' Notice of Removal further contended that none of the alleged fraudulent statements that Plaintiffs' Original Petition attributed to Hume were specific enough to satisfy the pleading standard of Fed. R. Civ. P. 9(b).[21]

**A. The Original Petition Stated a Claim Against Hume.**

The Texas Insurance Code prohibits persons engaged in the business of insurance from "failing to attempt in good faith to

---

[20]Notice of Removal, Docket Entry No. 1, p. 6 ¶ 22.

[21]Id. at 5-6 ¶¶ 21, 23.

effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear[.]" § 541.060(a)(2)(A).

Federal district courts in Texas have held that adjusters can be held personally liable under § 541.060(a)(2)(A) for failing to conduct a proper investigation because, "[a]s the persons primarily responsible for investigating and evaluating insurance claims, insurance adjusters unquestionably have the ability to affect or bring about the 'prompt, fair, and equitable settlement' of claims, because it is upon their investigation that the insurance company's settlement of a claim is generally based." See Linron Properties, Ltd. v. Wausau Underwriters Insurance Co., Civil Action No. 3:15-CV-00293-B, 2015 WL 3755071, at *5 (N.D. Tex. June 16, 2015); Denley Group, LLC v. Safeco Insurance Company of Indiana, Civil Action No. 3:15-CV-1183-B, 2015 WL 5836226, at *4 (N.D. Tex. Sept. 30, 2015).

"Federal district courts are split as to whether the general Rule 8(a) or heightened Rule 9(b) pleading standard applies when analyzing § 541.060(a)(2)(A) claims . . . . But that split militates against finding Plaintiffs' pleadings insufficient." Yarco Trading Company, Inc. v. United Fire & Casualty Company, 397 F. Supp. 3d 939, 946 (S.D. Tex. 2019) (citing Gasch, 491 F.3d at 281-82 ("[W]e resolve all contested factual issues and ambiguities of state law in favor of the plaintiff.")). Fed. R. Civ. P. 8(a) requires that to state a claim for relief a pleading must contain:

-9-

>    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
>    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiffs' Original Petition alleged that Hume "failed to promptly investigate and resolve the Speiser's claims" and that he failed to "thoroughly investigate the claim and pay the claim within a reasonable time."[22] The Original Petition also alleged that "Hume was the only adjuster sent by AmGuard to inspect the Speiser home[,]" that no other adjuster set foot on the property, and therefore "[e]verything that AmGuard and Morgan have done on the Speisers' claim is derived from the inspection, examination, viewing and presence of Hume at the stricken property."[23] Plaintiffs' Original Petition further alleged that "[t]he insurance claim was delayed for months" because of Hume and Morgan's failure to properly investigate and resolve the claim, and that Plaintiffs had been out of their home since October of 2021 – which, as of the time of the filing of the Original Petition, was approximately five months.[24]

---

[22] Original Petition, Exhibit 4 to Notice of Removal, Docket Entry No. 1-4, p. 8 ¶ 27.

[23] Id.

[24] Id. at 9 § IV; 10 ¶ 31.

The Original Petition also alleged that Hume told Plaintiffs that "[a]lthough they had a good claim, the insurance company may not pay the claim[,]" and that he "wanted to help them, but he really worked for the insurance company and so couldn't do anything but deny the claim."[25] If Hume made these statements, they would indicate that (1) AmGUARD's liability was reasonably clear to Hume, and (2) Hume would not attempt to effectuate a prompt, fair, and equitable settlement. Given that this is what Tex. Ins. Code § 541.060(a)(2)(A) forbids, the court finds that there is a "factual fit" between Plaintiffs' allegations and their pleaded theory of recovery. See Griggs, 181 F.3d at 701. The court further holds that Plaintiffs' Original Petition made a "short and plain statement" showing Plaintiffs' entitlement to relief, as Fed. R. Civ. P. 8(a) requires.

The court concludes that Plaintiffs' Original Petition contained allegations that, if true, stated a plausible claim to relief under Texas Insurance Code § 541.060(a)(2)(A). Because the existence of even one valid cause of action against an in-state defendant requires remand of the entire case, see Gray ex rel. Rudd, 390 F.3d at 412, the court concludes that it never had jurisdiction over Plaintiffs' state-law claim.

---

[25] Id. at 8-9 ¶ 28.

B.   **The Live Pleading States a Claim Against Hume.**

On June 17, 2022, Plaintiffs filed an Amended Complaint "pursuant to Federal Rule of Civil Procedure 15(a)(1)."[26] The rule provides that

> [a] party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).

In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2).

"If there is more than one defendant, and not all have served responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer." Scott-Blanton v. Universal City Studios Productions, LLP, 244 F.R.D. 67, 69 (D.D.C. 2007). "'An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.'" In re R.E. Loans, L.L.C., 553 F. App'x 453, 456 (5th Cir. 2014) (quoting King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)).

---

[26] Amended Complaint, Docket Entry No. 6, p. 1.

Defendants AmGUARD and Morgan filed an answer to Plaintiffs' Original Petition in state court on May 12, 2022,[27] and AmGUARD filed its Notice of Removal on May 19, 2022.[28] However, Defendant Hume did not join in either of these filings. Hume did not respond to the Original Petition until June 7, 2022, when he filed his Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).[29] That is when Plaintiffs' 21-day time limit to amend their petition as to Hume began to run. See Scott-Blanton, 244 F.R.D. at 69. Plaintiffs filed their Amended Complaint ten days after Hume filed his Motion to Dismiss.[30] The court is persuaded that at the time Plaintiffs filed their Amended Complaint, they still had the right to amend their complaint as a matter of course as to Hume. See Scott-Blanton, 244 F.R.D. at 69.

Defendants do not dispute that Plaintiffs had the right to amend their petition, but instead argue that it would be improper to consider the Amended Complaint because it was filed after the case was removed.[31] Defendants rely on Cavallini, 44 F.3d at 264,[32]

---

[27]Defendants AmGUARD Insurance Company and Laura Morgan's Original Answer, Exhibit 4 to Notice of Removal, Docket Entry No. 1-4, p. 32.

[28]Notice of Removal, Docket Entry No. 1.

[29]See Hume's Motion to Dismiss, Docket Entry No. 5.

[30]See id.; Amended Complaint, Docket Entry No. 6, p. 1.

[31]Defendants' Response, Docket Entry No. 10, p. 2.

[32]Id.

which held that removal jurisdiction is determined "on the basis of claims in the state court complaint as it exists at the time of removal[,]" and "a complaint amended post-removal cannot divest a federal court of jurisdiction." But Cavallini is inapposite because Plaintiffs' Amended Complaint did not attempt to "divest" the court of jurisdiction. For reasons explained above, the court did not have jurisdiction to begin with.

Moreover, the court is not persuaded that Cavallini's rationale applies where, as here, the plaintiffs amend their complaint as a matter of course pursuant to Rule 15(a)(1).

> The rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal is obvious. Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved.

Cavallini, 44 F.3d at 264 (emphasis added).

Because amendment as a matter of course can happen only once, and only within a specified time period, see Fed. R. Civ. P. 15(a)(1), it does not pose a risk of forcing the court to revisit the issue of removal jurisdiction "every time the plaintiff [seeks] to amend the complaint[.]" See Cavallini, 44 F.3d at 264.

Moreover, the court is not persuaded that the Amended Complaint is seeking to "amend away the basis for federal jurisdiction" by adding new claims. See Cavallini, 44 F.3d at 265.

The Cavallini court held that, while a plaintiff may not defeat removal by subsequently changing the jurisdictional facts it alleges, a plaintiff may "'clarify a petition that previously left the jurisdictional question ambiguous.'" Id. at 265 (quoting Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A., 988 F.2d 559, 565 (5th Cir. 1993)). "'Under those circumstances, the court is still examining the jurisdictional facts as of the time the case is removed, but the court is considering information submitted after removal.'" Id.

> Allowing a plaintiff to provide clarifying factual allegations does not change the requirement that the Court examine the jurisdictional facts as of the date of removal.  It merely permits a state court plaintiff to clarify factual allegations under the federal pleading standards.  And allowing clarifying factual allegations is consistent with caselaw requiring leave to amend prior to dismissal of a cause of action that does not satisfy the particularity-pleading requirements of Fed. R. Civ. P. 9(b).  See Hart v. Bayer Corp., 199 F.3d 239, 248 n.6 (5th Cir. 2000) (recognizing that an opportunity to amend is appropriate when it appears that more careful or detailed drafting might overcome the deficiencies on which dismissal is based).

Bukowski, 2022 WL 1625173, at *6.

The court is persuaded that Plaintiffs' Amended Complaint seeks to clarify the basis for claims that were made in Plaintiffs' Original Petition — for instance, specifying how much time passed between Hume's first inspection and Plaintiffs' filing of the Original Petition, which supports the allegation that Hume failed to effectuate a "prompt" settlement of Plaintiffs' claim as Tex.

Ins. Code § 541.060(a)(2)(A) requires.[30] None of the clarifying facts that Plaintiffs added in their Amended Complaint change the substance of the § 541.060(a)(2)(A) claim that they made in their Original Petition.

As the court explains above, Plaintiffs' Original Petition stated a claim against Hume under § 541.060(a)(2)(A), and the Amended Complaint did not substantively change this claim. Although the Amended Complaint is the live pleading, both stated a claim against Hume under Tex. Ins. Code § 541.060(a)(2)(A). Therefore, AmGUARD has not "met its heavy burden of proving — based on the factual allegations of [Plaintiffs'] . . . petition — that there is no reasonable basis for the court to predict that [Plaintiffs] might be able to recover against [Hume] on even one of the claims brought against him[.]" See Conrad v. Cincinnati Insurance Co., Civil Action No. 3:21-CV-1533-D, 2021 WL 5140826, at *4 (N.D. Tex. Nov. 3, 2021). Because Plaintiffs have alleged a valid claim against Hume, the court concludes that Hume was properly joined as a party to this lawsuit. Hume's nondiverse citizenship renders AmGUARD's removal improper, and remand is therefore required. See Gray ex rel Rudd, 390 F.3d at 412 ("[Section] 1441's holistic approach to removal mandates that the existence of even a single valid cause of action against in-state defendants . . . requires remand of the entire case to state court.").

---

[30]Amended Complaint, Docket Entry No. 6, p. 6 ¶ 27.

## IV. Order

For the reasons stated above, Plaintiffs' Motion to Remand (Docket Entry No. 7) is **GRANTED**, and this action is **REMANDED** to the 125th Judicial District Court of Harris County, Texas. The clerk will promptly provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this 12th day of August, 2022.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE